HUGHES, J.,
additionally concurs and assigns reasons.
hi concur with the result reached by the majority. I write additionally to point out that the State bears the burden of proof when it seeks to terminate parental rights, in order to address footnote 5 of the appellate opinion (stating, “In the instant matter, the trial court erroneously placed the burden on the state to prove that termination of parental rights was in the children’s best interests and therefore erroneously found that the state did not meet its burden.”).
In this case, the suit was filed under LSA-Ch.C. art. 1004.1, and the State is the petitioner. “[T]he petitioner bears the burden of establishing each element of a ground for termination of parental rights by clear and convincing evidence.” LSA-Ch.C. art. 1035(A). There are three grounds set forth in LSA-Ch.C. art. 1015(5) for termination of parental rights: (1) at least one year has elapsed since a child was removed from the parent’s custody pursuant to a court order; (2) there has been no substantial parental compliance *964 with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and (8) despite earlier intervention, there is no reasonable expectation of significant improvement in the parent’s condition or conduct in the near future, considering the child’s age and his need for a safe, stable, and permanent home. Additionally, LSA-Ch.C. art. 1087(B) states:
|¾When the court finds that the alleged grounds set out in any Paragraph of Article 1015 are proven by the evidentia-ry standards required by Article 1035 and that it is in the best interests of the child, it shall order the termination of the parental rights of the parent against whom the allegations are proven.... (Emphasis added.]
The following appellate court decisions expressly state that the State must prove that termination of parental rights is in the best interests of the child or children: State ex rel. J.T., 38,149 (La.App. 2 Cir. 12/17/03), 862 So.2d 1130, 1134 (“While the state need only establish one ground for termination, it must also establish that termination is in the child’s best interest.”); State ex rel. I.D.H. v. Thomas, 34,962 (La.App. 2 Cir. 5/9/01), 787 So.2d 526, 529 (“The state must prove the best interest of the child dictates termination of parental rights.”); State in Interest of H.D., 98-0953 (La.App. 4 Cir. 11/4/98), 721 So.2d 1045, 1047 (“The State must prove the best interest of the child dictates termination of parental rights.”); State in Interest of Four Minor Children v. DW, 585 So.2d 1222, 1228 (La.App. 2 Cir.1991) (“[T]he state must prove the best interest of the child dictates termination of parental rights.”).
See also State ex rel. S.M.W., 00-3277 (La.2/21/01), 781 So.2d 1223, 1238 (“[T]he State proved by clear and convincing evidence the grounds for termination under La. Children’s Code art. 1015(5) and that termination was in the best interests of the children.”); State ex rel. J.A., 99-2905 (La.1/12/00), 752 So.2d 806, 808 (“To prove that termination of L.A.’s parental rights was in J.A.’s best interest and to prove the statutory requirements of article 1015(5), DSS/OCS attempted to introduce the testimony of L.A.’s treating physicians and social workers.”).
A finding that termination of parental rights is in a child’s best interests does not occur in a vacuum. The State bears the burden of proving this issue.